UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREEM BAILEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. 1:17-cv-13586-NLH<br><br>**OPINION** |

**APPEARANCES**:

KAREEM BAILEY
65333-050
FCI MCKEAN
P.O. BOX 8000
BRADFORD, PA 16701

　　*Petitioner appearing pro se.*

PATRICK C. ASKIN
OFFICE OF THE US ATTORNEY
401 MARKET STREET
4TH FLOOR
CAMDEN, NJ 08101

　　*Attorney for Respondent United States of America.*

**HILLMAN**, District Judge

　　Petitioner Kareem Bailey, a prisoner currently confined at the Federal Correctional Institution, McKean, filed the present motion to amend his earlier motion to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255.

　　On March 18, 2013, Bailey was charged in a criminal complaint with conspiracy to distribute 1 kilogram or more of

heroin, in violation of Title 21, United States Code, Section 846 and 841(b)(1)(A).  USA v. Abdullah et al, No. 1:14-cr-00050-JEI-9, ECF No. 1.  On February 5, 2014, Bailey was indicted along with a total of fourteen defendants by a federal grand jury on the same drug conspiracy charge, (Id. at ECF No. 45), and on June 4, 2014, Bailey was charged in a 125-count superseding indictment along with 17 other defendants.  (Id. at ECF No. 194).  The superseding indictment charged Bailey with Conspiracy to Distribute 1 kilogram or more of heroin (Count 1); possession of firearms and the brandishing and discharge of firearms in furtherance of a drug trafficking crime (Count 10); and numerous counts of using a communications facility to further a drug trafficking crime, in violation of Title 21, United States Code, Section 843(b).

On January 16, 2015, the jury returned a guilty verdict against Bailey as to Counts 1 and 10, and as to all but one of the phone counts.  At the sentencing hearing, Judge Irenas sentenced Bailey to 121 months for Count 1, one month greater than the mandatory minimum for that offense, as well as 120 months for Count 10, to run consecutively, and a separate period of time on the phone counts, which would run concurrently.  Accordingly, Bailey was sentenced to a total of 241 months.

Bailey then appealed to the Third Circuit Court of Appeals, which affirmed his conviction and sentence on October 16, 2018;

2

from there, he filed a motion for reconsideration, which was denied by the Third Circuit on November 9, 2016. United States v. Bailey, 840 F.3d 99 (2016). Bailey then filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on February 21, 2017. Bailey v. United States, 137 S. Ct. 1116 (2017).

On December 27, 2017, Bailey filed a motion to vacate, set aside, or correct his sentence under Section 2255. (ECF No. 1). At the Court's direction, he then filed an amended motion to vacate on February 13, 2018. (ECF No. 5). That motion put forth two central claims: that Bailey suffered ineffective assistance of counsel due to the alleged failure of his trial counsel to (1) properly and sufficiently counsel him as to the possible sentence he faced if he went to trial, rather than accepting an offered plea deal, and (2) put forth an argument that under United States v. Collado, 975 F.2d 985 (3d Cir. 1992), "the drugs attributed to Petitioner were not reasonably foreseeable to him or within the scope of his agreement," and therefore should not have been considered in determining the offense level to utilize in calculating the proper guidelines range under the Sentencing Guidelines.

The Government filed a letter response on November 1, 2018, (ECF No. 9), and then at the Court's direction filed a memorandum of law in opposition to the motion to vacate on

3

January 7, 2019.  (ECF No. 12).  Finally, on January 17, 2020, Bailey filed the present motion to amend his motion to vacate, seeking to add six additional claims of ineffective assistance of counsel.  (ECF No. 15).  The Government filed a brief opposing the motion to amend on July 2, 2020, (ECF No. 22) and Petitioner filed a response, not addressing the merits of the arguments, on July 21, 2020.  (ECF No. 26).

### I.    Legal Standard

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.  Federal Rule of Civil Procedure 15 permits the amendment of pleadings by leave of court, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Whether to permit amendment is left to the discretion of the court, and denial is proper when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010).  Amendment is "futile" if "that claim would not be able to overcome the statute of limitations." Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001).  Where

4

a claim is barred by the statute of limitations, amendment is only permitted if the amendment "relates back to the date of the original pleading" pursuant to Rule 15(c).  Anderson v. Bondex Int'l, Inc., 552 F. App'x 153, 156 (3d Cir. 2014).

"An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  "An amended habeas petition ... does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  Mayle v. Felix, 545 U.S. 644, 650, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).  "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. at 664, 125 S.Ct. 2562.

II.  **Analysis**

In his motion to amend, Petitioner seeks the Court's permission to amend his motion to vacate to include six additional claims of ineffective assistance of counsel: that his counsel (1) failed to raise an argument under a retroactive amendment to the Sentencing Guidelines for drug cases, Amendment 782, which Petitioner claims would have resulted in a two-level reduction to his offense level; (2) "failed to argue 'Disparity

5

in Sentencing' challenges;" (3) failed to argue post sentencing rehabilitation and pre-sentence rehabilitation; (4) failed to argue Petitioner's minor, "in between," or minimal role in the offense; (5) failed to argue the effect of the decision in United States v. Rowe, 919 F.3d 752 (3d Cir. 2019) on drug quantity; and (6) failed to argue Petitioner's "*Johnson II*, *Dimaya* and now *Davis* issues." (ECF No. 15 at 1-2).

The Court first notes that in order for Petitioner's claims to be timely, they must relate back to his original petition; as the Court described above, Petitioner's cert petition was denied on February 17, 2017. 28 U.S.C. § 2244(d)(1) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." That limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review" — here, the date Petitioner's cert petition was denied. Petitioner did not file his motion for leave to amend until January 17, 2020; accordingly, any claims that do not relate back to his original, timely motion to vacate are well outside of the limitations period, and must be dismissed as untimely.

The Court next finds that all of Petitioner's claims clearly differ in both time and type from Count I of his original motion to vacate. That claim asserted that Petitioner

6

had received ineffective assistance of counsel because his trial counsel failed to adequately explain the length of the sentence he likely faced if convicted of the charged offenses at trial, and therefore did not provide him adequate and proper advice as to the benefits of the plea agreement offered by the government. (ECF No. 5 at 15).  As to time, Petitioner's first claim clearly concerns his counsel's conduct prior to trial and prior to his conviction; as to type, the relevant facts regarding this claim revolve around the exact advice given by Petitioner's counsel at the pre-trial stage, and whether he sufficiently informed Petitioner of the potential risks of rejecting a plea deal.  All six of Plaintiffs proposed new claims relate either to his counsel's alleged failure to raise a series of arguments for a reduced sentence at the post-conviction sentencing phase or to the specific facts of the underlying conspiracy itself, and accordingly differ in both time and type.

   The Court reaches the same conclusion regarding whether Petitioner's new claims (1), (2), (3), and (6) as listed above relate back to Count II of the original timely motion.  That count, as explained above, was that Petitioner's counsel had failed to raise an objection to the drug quantity attributable to Petitioner at sentencing.  Petitioner argued in his motion to vacate that his trial counsel failed to put forth an argument, under United States v. Collado, 975 F.2d 985 (3d Cir. 1992),

7

that "the drugs attributed to Petitioner were not reasonably foreseeable to him or within the scope of his agreement," and therefore should not have been considered in determining the offense level to utilize in calculating the proper guidelines range under the Sentencing Guidelines.

None of claims (1), (2), and (3) are tied to a common core of operative facts as this original claim. Instead, each of these claims are focused on the events and facts surrounding the sentencing phase of Petitioner's trial: they argue that Petitioner's counsel failed to put forth arguments regarding (1) the potential need for a reduction in base offense level under Amendment 782, (2) Petitioner's post sentencing rehabilitation and pre-sentence rehabilitation, and (3) the disparity in sentencing between Petitioner and his co-defendants.

The first claim is focused entirely on whether the Court should have reduced Petitioner's offense level based on a 2014 amendment to the Sentencing Guidelines, which reduced the base offense levels in Section 2D1.1 for controlled substances offenses by two levels from the previous base offense levels; as this was an across-the-board reduction to base levels for controlled substances, all relevant facts relate only to the actions taken by counsel and the Court in the sentencing phase of the trial, and are unrelated to the drug quantities argument made in Claim II of the original motion. The second argument

centers entirely on facts related to Petitioner's alleged pre and post-sentencing rehabilitation, facts that have nothing to do with his involvement in the conspiracy and focus, on their face, on changes he had made in his life after the conspiracy was over.  Next, the third new claim is focused entirely on the specific sentences imposed on Petitioner and his co-defendants and the relevant comparisons between them; again, not overlapping with the arguments made in Petitioner's timely motion to vacate.

Petitioner's "untimely claim[s] do[] not seek to clarify his timely ineffective assistance claim[s]; [they] purport[] to introduce [] new theor[ies] into the case." Whitaker v. Superintendent Coal Township SCI, 721 F. App'x 196, 202 (3d Cir. 2018).  Petitioner was required to set forth all grounds for relief in his original motion to vacate and was specifically warned that he may be "barred from presenting additional grounds at a later date." (ECF No. 5 at 15).  See Mayle, 545 U.S. at 655–56, 125 S.Ct. 2562 (model habeas form includes cautionary instruction to include all grounds for relief); Whitaker, 721 F. App'x at 202.  Accordingly, the Court finds that these claims do not relate back to Petitioner's timely motion, and therefore will dismiss the motion to amend as to all three claims.

Petitioner's fourth new claim, that his counsel failed to argue the effect of the decision in United States v. Rowe, 919

9

F.3d 752 (3d Cir. 2019) on drug quantity, does appear to relate back to his second original claim.  In Rowe, the defendant was charged with one count of distribution and possession with intent to distribute 1,000 grams of heroin; the jury convicted the defendant of that charge based on evidence related to multiple drug transactions and instances of possession during an approximately four-month time frame.  Id. at 756.  The Third Circuit held in Rowe's favor, finding that this evidence was insufficient to meet 21 U.S.C § 841's quantity threshold because separate distributions during the indictment period cannot be aggregated to meet the threshold.  Id. at 760.  Accordingly, the relevant facts and evidence underlying both Petitioner's original, timely claim and this new claim both center on the quantities of drugs involved in the offenses Petitioner was convicted of in the underlying trial.

However, Petitioner's motion to amend must still be denied as to this claim for lack of merit.  First, the Court notes that the Third Circuit did not issue its opinion in Rowe until 2019, four years after Petitioner's sentencing.  Second, as other courts in this circuit have noted, "Rowe did not involve a conspiracy charge.  Furthermore, '[b]ecause the drug quantity for conspiracy is an offense-specific determination of the quantity involved in the entire conspiracy, those drugs need not be possessed by any one conspirator at one specific time.'"

10

Britt v. United States, No. 18-16357 (PGS), 2020 WL 3249118, at *11 (D.N.J. June 16, 2020) (quoting United States v. Perrin, No. 2:14-CR-205-2, 2019 WL 3997418, at *3 (W.D. Pa. Aug. 23, 2019)). Here, "Petitioner was charged with conspiracy as opposed to a substantive possession with intent to distribute charge. Accordingly, Petitioner's counsel cannot be deemed ineffective for failing to object where the underlying objection would have lacked merit." Id. (citing United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.")). Therefore, the motion to amend is denied as futile as to this claim.

Petitioner's fifth new claim is that his counsel failed to argue for a downward adjustment to his offense level based on his minimal or minor role in the conspiracy pursuant to § 3B1.2 of the United States Sentencing Guidelines. Similar to Petitioner's fourth claim, the Court finds that this claim arises from a common core of operative facts as Count II of the original motion to vacate. Petitioner's original claim based on Collado was that his counsel should have put forth arguments regarding the extent of his involvement in the conspiracy, focusing on the quantity of drugs involved that he could have reasonably foreseen. Collado held that the relevant factors for such consideration include whether the "amounts distributed by

11

the defendant's co-conspirators were distributed 'in furtherance of the . . . jointly-undertaken . . . activity,' were 'within the scope of the defendant's agreement,' and were 'reasonably foreseeable in connection with the criminal activity the defendant agreed to undertake.'"  975 F.2d at 995 (quoting U.S.S.G. § 1B1.3, application note 1).

Petitioner's new claim is related as to both facts and time; the Third Circuit has explained that in assessing whether a downward adjustment is warranted under § 3B1.2, courts must consider "such factors as the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise."  U.S. v. Self, 681 F.3d 190, 201 (3d Cir. 1998) (quoting United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991)).  These factors overlap significantly with the relevant facts to consider under Petitioner's Collado argument regarding what quantity of drugs involved in the conspiracy could properly be attributed to him, and accordingly analysis of these two claims focuses on common facts and a common time-frame.  The Court therefore finds that this claim does relate back to Petitioner's original motion to vacate, and will grant the motion to amend as to this claim.

Finally, the Court finds that, regardless of timeliness,

12

Petitioner's sixth claim fails for lack of merit.  Petitioner argues that his counsel failed to argue Petitioner's "*Johnson II*, *Dimaya* and now *Davis* issues."  The referenced cases, Johnson v. United States, 135 S.Ct. 2551 (2015), Sessions v. Dimaya, 138 S.Ct. 1204 (2018), and United States v. Davis, 139 S.Ct. 2319 (2019), are Supreme Court decisions finding that residual clauses referring to "crimes of violence" are unconstitutionally vague and therefore invalid.  However, those holdings were based on the finding that the residual clause defining "crime of violence" was unworkable, without any discussion of the definition of "drug trafficking crime" found in § 924(c)(2).  Those cases do not "invalidate convictions for using and carrying a firearm in relation to a drug trafficking crime."  Figueroa v. Ortiz, No. 19-16823 (RMB), 2020 U.S. Dist. LEXIS 74169, at *8-9 (D.N.J. Apr. 28, 2020).  Here, Petitioner was convicted of using and carrying a firearm in relation to a drug trafficking crime, not a "crime of violence" — accordingly, his counsel cannot have been ineffective in failing to put forth an inapplicable argument based on the cases mentioned above.  The motion to amend will be dismissed as to this claim as well.

## Conclusion

As explained above, the Court will grant Petitioner's motion to amend as to his ineffective assistance of counsel claim regarding a possible downward departure under § 3B1.2 of

13

the Sentencing Guidelines, and deny it as to all other claims. The Court notes that, in its brief opposing the motion to amend, the Government included a one-paragraph response regarding the merits of Petitioner's argument on his surviving new claim. However, given the fact that the Government's brief was focused on opposing the motion to amend, and that the Court will be better able to properly analyze the claim and determine whether an evidentiary hearing is needed with full briefing from both sides, the Government will have twenty-one (21) days to file a brief supplementing their response to that claim if it wishes to do so. If the Government chooses to file any supplemental briefing, Petitioner may file a reply brief in further support of his motion to vacate within thirty (30) days of the filing of the Government's supplemental brief. After this round of briefing, the Court will turn to the merits of Petitioner's motion to vacate.

    An appropriate Order will be entered.

Date: December 21, 2020         /s Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.